# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **TOMMY CARD,** | § § § | **Civil Action No.:** |
| Plaintiff, | § § | |
| **v.** | § § | |
| **ONE ADVANTAGE, LLC,** | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § § | |

## COMPLAINT

TOMMY CARD ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ONE ADVANTAGE, LLC ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Texas, and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5.      Plaintiff is a natural person residing in Lewisville, Texas 75057.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.      Defendant is a national debt collection company with its corporate headquarters located at 1232 W. State Road 2, LaPorte, IN 46350.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6),

10.     The principal purpose of Defendant's business is debt collection.

11.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

12.     Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

13.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14.     Plaintiff has a cellular telephone number.

15.     Plaintiff has had a cellular telephone for over one (1) year.

16.     Defendant was attempting to collect an alleged consumer debt from Plaintiff.

17.     The alleged debt at issue arose out of transactions relating to a student loan debt that was incurred primarily for personal, family or household purposes.

18.     Beginning in or around February 2017 and continuing through in or around June 2017, Defendant contacted Plaintiff by placing repeated harassing telephone calls to his cellular telephone phone in its attempts to collect the alleged debt.

19.     Defendant has placed telephone calls to Plaintiff from (800) 650-1776. The undersigned has confirmed that this telephone number belongs to Defendant.

20.     Desiring to stop the repeated telephone calls, Plaintiff spoke to Defendant in or around February 2017 and revoked any consent that Defendant may have had to contact Plaintiff's cellular telephone.

21.     Once Defendant was aware its calls were unwanted any further calls could only have been for the purpose of harassment.

22.     However, Defendant failed to restrict its calls to Plaintiff's cellular telephone number and continued to call Plaintiff through June 2017.

23.     Defendant placed calls to Plaintiff before 8:00am and after 9:00pm on occasion during this time period.

24.     Defendant has also immediately called Plaintiff back after Plaintiff has hung up on Defendant.

25.     During this time, Defendant also contacted Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

26.     Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice as Defendant's calls would begin with a recording before a live collector came on the telephone.

27.     Defendant's calls were not for emergency purposes.

28.     After the calls to Plaintiff's cellular telephone continued in spite of his request to stop calling, Plaintiff had no choice but to block calls from Defendant's number.

29.     Finally, Defendant failed to send Plaintiff correspondence setting forth her rights pursuant to the FDCPA within five days of its initial contact with her.

PLAINTIFF'S COMPLAINT

## COUNT I
## <u>DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA</u>

30.     A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

31.     A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32.     Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff and continued calling after it knew its calls were unwanted.


## COUNT II
## <u>DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA</u>

33.     A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

34.     Defendant violated § 1692c(a)(1) when it contacted Plaintiff at inconvenient times, such as before 8:00am and after 9:00pm.

PLAINTIFF'S COMPLAINT

## COUNT III
## DEFENDANT VIOLATED § 1692g OF THE FDCPA

35.     A debt collector violates § 1692g(a) if within five days after the initial communication with a consumer, the debt collector fails to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36.     Defendant violated § 1692g(a) by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising him of his rights to dispute the debt or request verification of the debt.

## COUNT IV
## DEFENDANT VIOLATED
## THE TELEPHONE CONSUMER PROTECTION ACT

37.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

38.     Defendant's calls to Plaintiff were made to collect money, not for "emergency purposes."

PLAINTIFF'S COMPLAINT

39.   After Defendant was told to stop calling, Defendant knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

40.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

41.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, TOMMY CARD, respectfully prays for judgment as follows:

a.   All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

d.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

e.   Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C);

f.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

g.   Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, TOMMY CARD, demands a jury trial in this case.

Respectfully submitted,

Dated: February 21, 2018      By: /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT